## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **AGNES M. VIERA ANZUETA**<br><br>*Plaintiff*<br><br>Vs.<br><br>**CARLOS M. FRANCO COLÓN; TRANSPORTE FRANCO, INC; MAPFRE PRAICO INSURANCE COMPANY; COMPANY ABC AND/OR CORPORATION XYZ; INSURANCE COMPANY ABC; JOHN DOE; JANE ROE**<br><br>*Defendants* | CIVIL NO. 21-01336<br><br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

### COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiff, Agnes M. Viera Anzueta, through the undersigned counsel, and pursuant to this Honorable Court, respectfully **STATES, ALLEGES** and **PRAYS:**

### I. THE PARTIES

1.  Plaintiff, **AGNES M. VIERA ANZUETA** is of legal age, married, and resident of Fort Worth, Texas, United States. His current physical and postal address is: *6060 Milton St. Apt. 6311, Dallas, Texas 75206;* His phone number is (682-326-8888). **AGNES M. VIERA ANZUETA** is suffering the damages alleged herein and for which compensation is sought.

2.  Defendant, **CARLOS M. FRANCO COLÓN**, is an individual with the capacity to sue and be sued, and is responsible for all or part of the damages suffered by Plaintiff. The physical address for all legal purposes, respectively, is: Carr. 171 Int.

709 Km. 0.3, Bo. Rincón, Cidra, Puerto Rico 00736; unknown postal address. Telephone: (787) 205-6048.

3.      Co-Defendant, **TRANSPORTE FRANCO, INC.,** is a corporate entity duly registered under the laws of the Commonwealth of Puerto Rico with the capacity to sue and be sued, and is the company that use the truck that caused the accident, for that matter is the Corporation is responsible for all or part of the damages suffered by Plaintiff. The physical and postal address for all legal purposes, respectively, are: Carr. 171, Int. 709 Km. 0.3, Bo. Rincon, Cidra, Puerto Rico 00739; RR-01 Buzón 3412, Cidra, Puerto Rico 00739.

4.      Co-Defendant, **MAPFRE PRAICO INSURANCE COMPANY**, by information and belief, is a business entity organized under the laws of Puerto Rico, that have issued an insurance policy or policies in favor of the codefendant**, CARLOS M. FRANCO**, that covers all, or part of the negligence, risks, damages, occurrences and/or events alleged in this Complaint. This business is personally liable to Plaintiff for the damages claimed in this lawsuit.  For all legal purposes, the postal address is as follows: P.O. Box 70244, San Juan, Puerto Rico 00936-8244.

5.      Co-Defendant, **MAPFRE PRAICO INSURANCE COMPANY**, by information and belief, is a business entity organized under the laws of Puerto Rico, that have issued an insurance policy or policies in favor of the codefendant**, TRANSPORTE FRANCO, INC**, that covers all, or part of the negligence, risks, damages, occurrences and/or events alleged in this Complaint. This business is personally liable to Plaintiff for the damages claimed in this lawsuit.  For all legal purposes, the postal address is as follows: P.O. Box 70244, San Juan, Puerto Rico 00936-8244.

6.      Co-Defendants, **COMPANY ABC and/or CORPORATION XYZ**, are the fictitious names of any Company/Corporation/Partnership/Subsidiary that upon Plaintiff

belief, is organized under the laws of the Commonwealth of Puerto Rico, or any other recognizable jurisdiction, that, at all relevant times herein, may have had in full effect an insurance policy covering the legal liability of all the events claimed. The real names are unknown at this time and will be substituted pursuant to the Federal Rules of Civil Procedure once the real name is made known to Plaintiff.

7.      Co-Defendants, **INSURANCE COMPANY ABC** by information and belief, are business entities organized under the laws of and with principal place of business in a state other than Florida, whose real names are presently unknown, and that have issued insurance policy or policies in favor of **COMPANY ABC and/or CORPORATION XYZ** and/or any other Defendant herein included, that cover all or part of the negligence, risks, damages, occurrences and/or events alleged in this Complaint. These companies are personally liable to Plaintiff for the damages claimed in this suit.  The real name of these co-defendants is unknown at this time and will be substituted pursuant to the Federal Rules of Civil Procedure once the real name is made known to Plaintiff.

8.      Co- Defendants, **JOHN DOE** and **JANE ROE** are any individuals, legal entities, private or governmental agencies, municipalities or entities that may be liable to the plaintiff here, or where otherwise responsible to the facts that are reported here, and are called at this time by fictitious names ignored the real, which shall be notified as soon identified.

## II. JURISDICTION

9.      This Honorable Court has subject matter jurisdiction over the instant case pursuant to 28 U.S.C. sections 1332(a) (1), inasmuch as this is an action between citizens of different states and the amount in controversy exceeds SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), exclusive of costs and interests. Venue is proper

in the District of Puerto Rico pursuant to 28 U.S.C. § 1391, since the events that gave rise to this cause of action occurred in the District of Puerto Rico.

## III. THE FACTS

10.    On September 30, 2014, at or near 9:45 a.m., Mrs. Viera Anzueta, who at the time of the accident had 19 years of age, was on her way to the University while driving the motor vehicle Suzuki, Baleno model, year 2002, plate EMJ-726, from South to North, by Interstate PR-52 at kilometer 29.3, in the right lane, jurisdiction of Caguas, Puerto Rico.

11.    At the time of the accident, a truck brand International, model Paystar 5000, year 1987, plate HP-2856, driven by Defendant, Mr. Franco, was nearly stopped or driving less than 25 mph in the Interstate above mentioned.

12.    When Plaintiff notices that the truck was stopped or almost stopped, Mrs. Viera tried to dodge said motor vehicle, but sadly impacted the front of her motor vehicle Suzuki Baleno with the rear bumper of the International Truck.

13.    The collision was solely and exclusively a result of Defendant's negligence who had stopped or nearly stopped in the middle of the Interstate with a truck overfilled, with sand and stone, with clear disparagement to his life and the life of others, for that when Plaintiff notice the dangerous acts of Defendant, it was too late to evade the above mentioned truck and therefore the tremendous accident.

14.    As a direct and proximate result of Defendants party negligence, the truck was defective in design and manufacture. Also, the truck didn't have the proper maintenance, inspections, permits and lacked complete installation of the rear bumper.

15.    Mr. Carlos Franco, at the time of the accident, didn't had his glasses on, suffered loss of eye sight, and/or complete loss of vision on his right eye.

16.    The accident occurred in the central lane of PR-52.

17.     Defendant, Mr. Carlos Franco was illegally driving in the central lane of PR-52, in violation Puerto Rico Traffic Laws.

18.     At the time of the design, manufacture and installation of the bumper and dump body, the co-defendants, in their exercise of due diligence, should have known about the damage and accident hazard to the rear of the truck if these parts were not in place.

19.     At the time of the design, manufacture and installation of the bumper and dump body, the co-defendants, in their exercise of due diligence, should have known about the damage and accident hazard that it was necessary to crear and install and adequate bumper system.

20.     As a direct result of the accident, Mrs. Viera Anzueta was cared for by emergency medical personal at the crash site. Later on, Mrs. Viera had to be transferred in an ambulance to the Emergency Room at Hospital Menonita in Caguas, where she received medical attention, and after thirty days of hospitalization and three operations where she was intervene with rods and bolts in her right leg, and lost part of her pancreas and spleen. In addition, due to her critic state, medical personnel and doctors had to make various blood transfusions for patient to survive the surgeries. Eventually, Plaintiff was discharge from Hospital with instructions to visit numerous medical specialists.

21.     Also, as a direct result of the accident, Plaintiff suffered various urinary infections, which on October 11, 2018, provoked a premature vaginal delivery of a 1-pound baby, which was born dead after 23 weeks of pregnancy.

22. The Plaintiff has a permanent impairment of 11%. Besides, this incident has substantially affected his quality of life because he cannot complete his daily tasks as he could prior to this incident.

23.    Plaintiff suffered from depression, anorexia, weight loss, insomnia, and loss of energy, loss of motivation, loss of appetite, anxiety and PTSD. Plaintiff had to visit a medical psychiatry for help and also had to undergo psychiatric treatment due to the accident.

## IV. PLAINTIFFS DAMAGES

24.    The monetary damages suffered by the Plaintiff, including but not limited to bodily and physical injury, pain and sufferings, mental anguish, psychological and emotional distress, loss of enjoyment of life, loss of enjoyment of activities to which they were accustomed, and expenses, among others, all of which are the direct consequences of Defendant's negligence, are conservatively estimated as follows:

a)    Plaintiff **AGNES VIERA-ANZUETA,** an amount of **ONE MILLION DOLLARS ($1,000,000.00).**

## V. JOINT AND SEVERAL LIABILITIES

25.    Pursuant to the laws of the Commonwealth of Puerto Rico, as joint tortfeasors, Defendants together with their insurance carriers must be held jointly and severally liable for all the damages alleged in this Complaint. Defendants above described acts or omissions constitute a tort under Puerto Rico Civil Code, Art. 1802, Art. 1803, 31 LPRA, §5141, §5142.

## VI. TRIAL BY JURY

26.    Plaintiff demands that the instant civil tort action be tried before a jury.

## VII. MEDICARE

27.     If the Plaintiff owe any medical costs to MEDICARE due to this incident, the Defendants must pay for all medical bills, x-rays, surgery, medicines, and any other medical treatment that Plaintiff had to undergo due to the slip and fall herein described.

## VII. RELIEF

**WHEREFORE,** Plaintiff respectfully requests from this Honorable Court a judgment against the Defendants, jointly and severally, for the damages sustained by herself, as well as the award of costs, attorney's fees, interests and any other relief allowed in law and/or equity the Court might deem proper, regardless of whether said remedy was claimed or not.

**RESPECTFULLY SUBMITTED.**

In Guaynabo, Puerto Rico, this July 21, 2021.

/s/ **MANUEL COBIAN ROIG**
USDC NO. 220005
Attorney for Plaintiffs
PO Box 177
Guaynabo, PR  00970
Phone (787) 402-6944
Mobile (787) 248-8933
e-mail: manuelcobianroig@gmail.com